## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | | |
|---|---|---|
| **TAWANA L. BROWN** | ) | |
| | ) | |
| **Plaintiff**, | ) | **Case No.: 2:17-cv-00223** |
| | ) | |
| **-v-** | ) | **Judge:** |
| | ) | |
| **LAW OFFICE OF CHET ZAWALICH, LLC** | ) | |
| | ) | **COMPLAINT** |
| **Defendant.** | ) | **Jury Demand Endorsed Hereon** |
| | ) | |

Plaintiff, Tawana L. Brown, for her complaint against Law Office of Chet Zawalich, LLC ("Defendant"), states as follows:

### NATURE OF THE ACTION

1.    Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA"), for Defendant's unlawful collection practices.

### JURISDICTION AND VENUE

2.    This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C. §1692 and 28 U.S.C. §§1331, 1337(a), as the action arises under the laws of the United States.

3.    Venue is proper in this Court pursuant to 28 U.S.C. §1391, as Defendant conducts business in the Northern District of Indiana and the events and/or omissions giving rise to the claims made herein occurred within the Northern District of Indiana.

### PARTIES

4.    Plaintiff, Tawana L. Brown ("Ms. Brown"), is an adult natural person residing in Merrillville, Indiana, and is a "consumer" as that term is defined by §1692a(3) of the FDCPA.

5.      Defendant, Law Office of Chet Zawalich, LLC ("Defendant"), is an Indiana law firm in the business of collecting consumer debts on behalf of others within the State of Indiana. As such, Defendant regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer accounts.

6.      Defendant is a "debt collector" as defined by §1692(a)(6) of the FDCPA.

## FACTS SUPPORTING CAUSE OF ACTION

7.      On or around April 18, 2017, Ms. Brown received a collection correspondence from Defendant attempting to collect an alleged debt of $941.99 on behalf of "Members Advantage Credit Union" (hereinafter referred to as "the subject debt").  A copy of the collection correspondence is attached to this complaint as Exhibit A ("the Collection Letter").

8.      The Collection Letter was the first written communication Ms. Brown received from Defendant.

9.      The Collection Letter states, in relevant part:

> "Unless, you within thirty (30) days after receipt of this notice, dispute
> the validity of this debt, or any portion thereof, this debt will assumed
> to be valid.  If you notify Members Advantage Credit Union in writing
> within this thirty-day period that this debt or any portion thereof is
> disputed, verification of the debt and a copy of such verification will be
> mailed to you" (hereinafter referred to as "the G Notice").

10.     The G Notice is inaccurate and incomplete, in violation of 15 U.S.C. §1692g(a). *Compare* Exhibit A *with* 15 U.S.C. §1692g(a).

11.     The G Notice improperly requires Ms. Brown to dispute the subject debt with the original creditor, Members Advantage Credit Union, rather than with Defendant's office, in violation of 15 U.S.C. §1692g(a).

12.     Nowhere in the Collection Letter does Defendant disclose the contact information of Members Advantage Credit Union, despite the G Notice requiring Ms. Brown to dispute the subject debt with Members Advantage Credit Union rather than with Defendant.  *See* Exhibit A.

13.     As a result of the inaccurate and incomplete G Notice, Ms. Brown was not fully and accurately apprised of her rights, and left her unable to determine where to send her dispute regarding the validity of the debt.

14.     Nowhere in the Collection Letter does Defendant disclose itself as a debt collector. *Id.*

15.     The Collection Letter is inexplicably date-stamped in the bottom right corner with "Division of Family Resources Lake County – Hobart" and a date of "April 28, 2017." *Id.*

16.     The Collection Letter represents that legal action will be filed if the balance is not paid in full by May 18, 2017. *Id.*

17.     Confused by the Collection Letter, and concerned that Defendant may be seeking to collect monies from her that she does not owe and/or has already paid, Ms. Brown reached out to her attorneys for assistance.

18.     Ms. Brown was misled by the Collection Letter.

19.     Ms. Brown justifiably fears that, absent this Court's intervention, Defendant will continue to use unlawful methods in its attempts to collect the subject debt from her.

20.     Ms. Brown justifiably fears that, absent this Court's intervention, Defendant will ultimately cause her unwarranted economic harm.

21.     As a result of Defendant's conduct, Ms. Brown was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this claim.

22.     As a result of Defendant's conduct, Ms. Brown is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collection agencies from engaging in the unlawful collection practices as described herein.

23.     After a reasonable time to conduct discovery, Ms. Brown believes she can prove that all actions taken by Defendant as described in this complaint were taken willfully, with either the desire to harm Ms. Brown, with reckless disregard for Ms. Brown's rights and/or with knowledge that its actions were taken in violation of the law.

## GROUNDS FOR RELIEF

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§1692d, e, e(2)(A), e(10), f and g(a)

24.     All prior paragraphs are incorporated into this count by reference.

25.     The Collection Letter was the "initial communication" from Defendant to Plaintiff regarding the subject debt, as that term is defined, used and/or contemplated in the FDCPA.

26.     The FDCPA states, in relevant part:

> "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  15 U.S.C. §1692d.

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section: The false representation of the character, amount, or legal status of any debt; The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §§1692e, e(2)(A), and e(10).

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. §§1692f.

> "Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in

the initial communication or the consumer has paid the debt, send the consumer a written notice containing – (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector." 15 U.S.C. §1692g(a)(4).

27.    Defendant violated 15 U.S.C. §§1692d, e, e(2)(A), e(10), f and g(a)(4) in sending the Collection Letter to Plaintiff as Defendant, among other violations:

(a)  failed to disclose itself as a debt collector;

(b)  did not fully and accurately advise Plaintiff of her rights;

(c)  left Plaintiff unable to determine where to send her dispute regarding the validity of the debt;

(d)  overshadowed Plaintiff's rights in demanding payment from her within the first thirty (30) days after the initial communication; and

(e)  intentionally attempted to mislead Plaintiff by stamping the Collection Letter as described in paragraph 15.

28.    As a law office, Defendant knows that the FDCPA explicitly mandates the language stated in Section g(a) of the FDCPA be disclosed within Defendant's initial communication to a consumer, and that such language cannot be overshadowed by Defendant's demands for payment. Defendant also knows that it must make truthful, accurate and complete representations in its communications with consumers without intent to mislead or deceive.

29.    As described in paragraphs 17 through 22 above, Plaintiff has been harmed and has suffered considerable damages as a result of Defendant's conduct as described herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Tawana L. Brown, requests that this Court enter judgment in her

favor as follows:

A.  Declaring that the practices complained of herein are unlawful and violate the
    Fair Debt Collection Practices Act;

B.  Awarding Plaintiff actual damages in an amount to be determined at trial,
    pursuant to 15 U.S.C. §1692k(a)(1);

C.  Awarding Plaintiff statutory damages in the amount of $1,000.00, pursuant to 15
    U.S.C. §1692k(a)(2)(A);

D.  Awarding Plaintiff the costs of this action and reasonable attorneys' fees,
    pursuant to 15 U.S.C. §1692k(a)(3); and

E.  Awarding any other legal or equitable relief to which Plaintiff may be entitled.


Dated:  May 18, 2017                  Respectfully Submitted,


                                        */s/ Geoff B. McCarrell*____ 
                                      Geoff B. McCarrell, Esq. #0086427
                                      David S. Klain, Esq. #66305
                                      Admitted in the Northern District of Indiana
                                      CONSUMER LAW PARTNERS, LLC
                                      435 N. Michigan Ave., Suite 1609
                                      Chicago, Illinois 60611
                                      (267) 422-1000 x 8001 (phone)
                                      (267) 422-2000 (fax)
                                      geoff.m@consumerlawpartners.com

                                      *Counsel for Plaintiff*




## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

                                        */s/ Geoff B. McCarrell*           
                                      Geoff B. McCarrell, Esq. #0086427
                                      CONSUMER LAW PARTNERS, LLC